IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01628-PAB-BNB

MICHAEL SCANLAN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

ADAMS BANK & TRUST,

    Defendant.

---

**ANSWER**

---

COMES NOW Defendant Adams Bank & Trust (Adams Bank), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. In response to the allegations in paragraph 1, Adams Bank admits this is an action alleging violations of the Electronic Fund Transfer Act (EFTA) and denies that the Plaintiff is similarly situated to any other persons.

2. In response to the allegations in paragraph 2, Adams Bank admits that paragraph 2 quotes 15 U.S.C. § 1693.

3. Adams Bank admits that the EFTA includes requirements for fee disclosures for automated teller machine operators and denies the remaining allegations in paragraph 3.

4. In response to the allegations in paragraph 4, Adams Bank admits that 15 U.S.C. § 1693b(d)(3)(A) addresses the general requirements for fee disclosures by ATM operators subject to the EFTA and denies the remaining allegations in paragraph 4.

5. In response to the allegations in paragraph 5, Adams Bank admits that the notice requirements are stated in 15 U.S.C. § 1693b(d)(3)(B) and that paragraph 5 quotes a portion of that subsection of the statute.

6. In response to the allegations in paragraph 6, Adams Bank admits that the relevant implementing regulation is found at 12 C.F.R. § 205.16 and is referred to as Regulation E. Adams Bank denies paragraph 6 accurately quotes Regulation E and denies the remaining allegations in paragraph 6.

7. Adams Bank admits that 15 U.S.C. § 1693b(d)(3)(C) and Regulation E prohibit ATM operators subject to the EFTA from imposing a fee on a consumer if the fees are not properly disclosed and explicitly assumed by the consumer and denies the remaining allegations in paragraph 7.

8. In response to paragraph 8, Adams Bank admits that Plaintiff quotes a portion, but not the entirety of 15 U.S.C. § 1693b(d)(3)(C).

9. Adams Bank admits the allegations in paragraph 9.

10. Adams Bank admits the allegations in paragraph 10.

11. Adams Bank admits that venue in this judicial district is proper and denies the remaining allegations in paragraph 11.

12. Adams Bank is without information sufficient to form a belief as to the allegations in paragraph 12 and so denies the same.

13. In response to paragraph 13, Adams Bank admits it has a branch office at 7800 South Highway 287, Fort Collins, Colorado.

14. Adams Bank admits it operates ATMs for its account holders and customers and that others who do not have accounts with Adams Bank may initiate electronic fund transfers or balance inquiries at these ATMs. Adams Bank denies the remaining allegations in paragraph 14.

15. Adams Bank is without information sufficient to form a belief as to the allegations in paragraph 15 and so denies the same.

16. Adams Bank is without information sufficient to form a belief as to the allegations in paragraph 16 and so denies the same.

17. Adams Bank denies the allegations in paragraph 17.

18. Adams bank denies the allegations in paragraph 18.

19. In response to paragraph 19, Adams Bank denies that the Plaintiff is similarly situated to other persons and denies that the requirements of Fed.R.Civ.Pro. 23 are satisfied so as to bring this action as a class action.

20. In response to paragraph 20, Adams Bank denies that the Plaintiff is similarly situated to other persons and denies that the requirements of Fed.R.Civ.Pro. 23 are satisfied so as to bring this action as a class action.

21. Adams Bank denies the allegations in paragraph 21.

22. Adams Bank denies the allegations in paragraph 22.

23. In response to paragraph 23, the purported class would necessarily consist of non-Adams Bank customers, so Adams Bank does not possess names or contact information for non-customers and denies the allegations in paragraph 23.

24. Adams Bank denies the allegations in paragraph 24.

25. Adams Bank denies the allegations in paragraph 25.

26. Adams Bank denies the allegations in paragraph 26.

27. Adams Bank denies the allegations in paragraph 27.

28. Adams Bank denies the allegations in paragraph 28.

29. Adams Bank denies the allegations in paragraph 29.

30. Adams Bank denies the allegations in paragraph 30.

31. In response to paragraph 31, Adams Bank admits that 15 U.S.C. § 1693b(d)(3)(A) addresses the general requirements for fee disclosures by ATM operators subject to the EFTA and denies the remaining allegations in paragraph 31.

32. In response to the allegations in paragraph 32, Adams Bank admits that the notice requirements are stated in 15 U.S.C. § 1693b(d)(3)(B) and that paragraph 32 quotes a portion of that subsection of the statute.

33. In response to paragraph 33, Adams Bank admits that Plaintiff quotes a portion, but not the entirety of 15 U.S.C. § 1693b(d)(3)(C).

34. In response to paragraph 34, Adams Bank admits that the implementing regulations for the ATM notice provisions of the EFTA are set forth at 12 C.F.R. § 205.16, Regulation E and denies the remaining allegations in paragraph 34.

35. Adams Bank denies the allegations in paragraph 35.

36. Adams Bank denies the allegations in paragraph 36.

37. In response to paragraph 37, Adams Bank admits that 15 U.S.C. § 1693m sets forth the civil liability section of the EFTA and denies that it is liable for damages thereunder.

38. In response to paragraph 38, Adams Bank denies that Plaintiff is entitled to statutory damages, costs of suit and attorneys' fees.

39. Adams Bank denies any allegation not specifically addressed above.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's claims under the EFTA are barred in whole or in part because if any violations of the EFTA occurred, they were unintentional or bona fide errors and constitute defenses to the claims pursuant to 15 U.S.C. § 1693m(c).

2. Plaintiff's claims under the EFTA are barred in whole or in part because of the Defendant's good faith compliance with a rule, regulation, or interpretation or approval of duly authorized officials or employees of the Federal Reserve System, which constitutes a defense to the claims pursuant to 15 U.S.C. § 1693(m)(d).

3. Plaintiff's claims under the EFTA are barred in whole or in part because Defendant did not impose a fee on the Plaintiff for the ATM transaction.

4. This action cannot be brought or maintained as a class action, because the Plaintiff's claims are not representative of a class of similarly situated persons.

5. This action cannot be brought or maintained as a class action because the allegations, facts, and defenses relating to Plaintiff will not support a collective or class action.

6. This action cannot be brought or maintained as a class action because the Plaintiff is not similarly situated to others and there is no commonality between Plaintiff's circumstances, individually and collectively, and those of any others.

7. This action cannot be brought or maintained as a class action because Plaintiff is not an adequate representative for the proposed class action.

8. Should the Court certify this matter as a class action, the Defendant reasserts each of these defenses with respect to each class member.

9. Plaintiff's claims under the EFTA are barred in whole or in part for failure to state a claim upon which relief may be granted.

10. Plaintiff's claims under the EFTA are barred in whole or in part because Plaintiff has not suffered or plead any actual damages.

11. Plaintiff's claims under the EFTA are barred in whole or in part because Plaintiff has not pled and cannot prove any detrimental reliance.

12. Plaintiff's claims under the EFTA are barred in whole or in part based on consent.

13. Plaintiff's claims under the EFTA are barred in whole or in part based on waiver.

14. Plaintiff's claims under the EFTA are barred in whole or in part based on estoppel in all its forms.

15. Defendant reserves the right to assert additional defenses and affirmative defenses as discovery in this case warrants.

Wherefore, the Defendant respectfully requests that the Plaintiff take nothing by way of his Complaint, that the Court not certify this as a class action, that the case be dismissed, and that the Defendant be awarded its fees and costs incurred in defending this action.

Respectfully submitted this 10th day of August, 2011.

> SPARKS WILLSON BORGES
> BRANDT & JOHNSON, P.C.
>
> s/ Paul W. Hurcomb
> Paul W. Hurcomb
> Scott W. Johnson
> 24 S. Weber Street, Suite 400
> Colorado Springs, CO  80903
> Phone:  719-634-5700
> Fax:  719-633-8477
> pwh@sparkswillson.com
> swj@sparkswillson.com
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2011, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Dan Rector
ldanrec@comcast.net
*Attorney for Plaintiffs*


> s/ Karen J. Nutting

3468/064/pld/004